# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:22-cv-00231-MR-WCM

| | |
|---|---|
| PAKUJA CRYSTAL VANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MICHAEL O NEAL WATERS, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the *pro se* Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs. [Doc. 2].

**I.     BACKGROUND**

On October 25, 2022, the Plaintiff filed the present civil action against Michael O Neal Waters; Catawba Valley Medical Center; Lynne Law, a Catawba Valley Family Medical nurse practitioner; and Frye Care ER. [Doc. 1]. In her Complaint, the Plaintiff appears to assert claims against the Defendants either under 42 U.S.C. § 1983 or under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). [Id. at 2]. In the section of the form complaint which asks the Plaintiff to identify the federal constitutional and/or statutory rights that she claims were violated,

the Plaintiff states "my medical information & treatment. Hippa [sic] violations, rights to live without fear, harassment due to disability, medical malpractice." [Id. at 3].

## II. STANDARD OF REVIEW

Because the Plaintiff is seeking to proceed *in forma pauperis* ("IFP") in this case, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners"). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

White v. White, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327, 328.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction ... [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## III  DISCUSSION

To the extent that the Plaintiff attempts to assert claims against the named Defendants as federal, state or local officials, the Plaintiff's Complaint is frivolous and fails to state a claim upon which relief can be granted. As the Fourth Circuit has explained:

> To implicate 42 U.S.C. § 1983, conduct must be fairly attributable to the State. The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions. Thus, the Supreme Court has held that private activity will generally not be deemed "state action" unless the state has so dominated such activity as to convert it into state action: [m]ere approval of or acquiescence in the initiatives of a private party is insufficient.

DeBauche v. Trani, 191 F.3d 499, 506-07 (4th Cir. 1999) (internal quotation marks and citations omitted). Here, the Plaintiff has not brought suit against any state actors; instead, she has attempted to sue various medical care providers. The Plaintiff has made no allegation that any of the named Defendants have a sufficiently close relationship with state actors such that the Court could conclude that the Defendants were engaged in governmental action. Similarly, under Bivens, there is no implied private cause of action for damages against private actors that engage in alleged constitutional violations. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001). As such, the Plaintiff has no basis to assert claims under § 1983 or Bivens in this case. As such, the Plaintiff's claims must be dismissed.

To the extent that the Plaintiff attempts to assert claims against the named Defendants for injuries other than the violation of her constitutional rights, it appears that the Court lacks subject matter jurisdiction over such

4

claims. For the Court to exercise subject matter jurisdiction over a particular case, the case must involve a federal question or involve claims assert between citizens of different States where the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. To the extent that the Plaintiff attempts to assert claims sounding in negligence or medical malpractice, these jurisdictional requirements do not appear to be met here, as all of the named Defendants appear to be citizens of North Carolina. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Accordingly, to the extent that the Plaintiff asserts any non-constitutional claims, such claims are dismissed without prejudice for lack of subject matter jurisdiction.

As for the naming of Michael O Neal Waters as a defendant in this action, it appears that in a different civil action which the Plaintiff brought in this Court, Civil Case No. 1:22-cv-00119-MR-WCM, the Plaintiff was mistakenly sent a copy of an Order directed to Mr. Waters. The Court cannot discern any basis for the Plaintiff to assert a claim against Mr. Waters based upon the receipt of this correspondence. Accordingly, the Court concludes that the Plaintiff's claims against Mr. Waters are frivolous and should be dismissed with prejudice.

This is one of four actions that the Plaintiff has recently filed in this Court, all related to either injuries that the Plaintiff allegedly sustained on the job or her subsequent medical treatment. The Plaintiff is advised that litigants do not have an absolute and unconditional right of access to the courts in order to prosecute frivolous, successive, abusive or vexatious actions. See Demos v. Keating, 33 F. App'x 918, 920 (10th Cir. 2002); Tinker v. Hanks, 255 F.3d 444, 445 (7th Cir. 2002); In re Vincent, 105 F.3d 943, 945 (4th Cir. 1997). District courts have inherent power to control the judicial process and to redress conduct which abuses that process. Silvestri v. Gen. Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001).

The Plaintiff is hereby informed that future frivolous filings will result in the imposition of a pre-filing review system. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004); Vestal v. Clinton, 106 F.3d 553, 555 (4th Cir. 1997). If such a system is placed in effect, pleadings presented to the Court which are not made in good faith and which do not contain substance, will be summarily dismissed as frivolous. See Foley v. Fix, 106 F.3d 556, 558 (4th Cir. 1997). Thereafter, if such writings persist, the pre-filing system may be modified to include an injunction from filings. In re Martin–Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984).

Upon review of the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, the Court finds that the Application should be allowed. The Court concludes, however, that the Plaintiff's Complaint is subject to dismissal for the reasons stated herein.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **ALLOWED**.

**IT IS FURTHER ORDERED** that the Plaintiff's claims against Defendant Waters are **DISMISSED WITH PREJUDICE** as frivolous, and the Plaintiff's claims against the remaining Defendants are **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is hereby directed to close this case.

**IT IS SO ORDERED.**

Signed: October 27, 2022

Martin Reidinger
Chief United States District Judge